UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

-vs-

MARCUS SNOW,
                    Defendant

DECISION AND ORDER

02-CR-6109 CJS
08-CV-6066 CJS
_____

INTRODUCTION

Now before the Court is Marcus Snow's application (Docket No. [#303]) pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure. The application is denied.

BACKGROUND

The reader is presumed to be familiar with this Court's prior written decision denying Snow's § 2255 application, *see*, Docket No. [#233], dated February 28, 2013, and with the Second Circuit's decision affirming Snow's conviction and sentence, *U.S. v. Snow*, 462 F.3d 55 (2d Cir. 2006). It is sufficient to note that as part of the prosecution of Snow, on January 12, 2004, the Government filed an "Information Pursuant to 21 U.S.C. § 851," "as a basis for imposition of the increased punishment provided for in Title 21, United States Code, Section 841(b)(1)(A)." Docket No. [#83]. In particular, the § 851 Information indicated that Snow had previously been convicted in Monroe County Court, Monroe County, New York, of the felony of Criminal Possession of a Controlled Substance in the Third Degree, Penal Law § 220.16, for which he had received a sentence of imprisonment in excess of one year. *Id*. At

1

sentencing on April 8, 2005, Snow's attorney questioned, for the first time,[1] whether the Government's § 851 Information was sufficient to establish the prior conviction, in light of *Shepard v. U.S.*, 125 S.Ct. 1254 (2005). The Court responded by stating:

> The Court likewise rejects your objection based on *Shepard [vs.] United States*, 125 Supreme Court 1254, that somehow the 21 U.S.C. § 851 Information was deficient in this case. . . . [Y]ou acknowledge you had an opportunity to contest [whether you had the qualifying prior conviction referenced in the § 851 Information], and you chose not to. That objection is therefore denied.

Rule 60(b)(5) application [#303] at p. 13 (Sentencing Transcript at p. 55).

Subsequently, Snow raised the issue on direct appeal, alleging that this Court had improperly overruled his objection, and violated his Sixth Amendment rights. *See*, Snow's Appeal Brief, 2005 WL 5352908 at Point VI. However, the Second Circuit rejected that argument. *See, U.S. v. Snow*, 462 F.3d at 65.

Snow subsequently filed a § 2255 application which did *not* raise any issue concerning the sufficiency of the § 851 Information. To the contrary, Snow admitted, as part of an argument attacking the calculation of his sentence, that he "had one qualified prior [conviction] pursuant to 21 U.S.C. § 851." Docket No. [#222] at p. 16, lines 2-3.[2] The Court denied the § 2255 application.

Snow's instant application under Rule 60(b)(5) returns to the issue of whether the § 851 Information filed against him was adequate. That is, Snow's instant motion does not challenge any ruling that this Court made when it denied his § 2255 application almost five

---

[1] Defense counsel stated, during the sentencing, that it had just occurred to him the night before that the notice given by the Government in the § 851 Information might not have been sufficient. Sentencing Transcript [#303] at p. 11. Counsel indicated that he was not contesting whether Snow actually had the prior conviction, but was questioning whether the notice given by the Government was adequate. *Id*.

[2] The Court found that such argument was untimely and lacking in merit.

2

years ago. Rather, Snow's motion is attempting to re-litigate one of the Court's rulings at sentencing twelve years ago. In that regard, as support for his Rule 60(b)(5) application, Snow has attached a copy of the Sentencing Transcript. Docket No. [#303] at pp. 9-13. Further, Snow argues that *at sentencing*, the Court should have done more to "confirm the factual basis for a prior felony conviction under Section 851," such as by demanding additional documentary evidence and by "directly question[ing] [him] as to whether he affirm[ed] or den[ied]" the prior conviction.[3]

## DISCUSSION

Snow brings the subject application pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure, which states in pertinent part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . [T]he judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]

Fed.R.Civ.P. 60(b)(5) (West 2017). The Rule further specifies that motions under this section "must be made within a reasonable time." Fed.R.Civ.P. 60(c)(1) (West 2017).

Snow maintains that continued adherence to the Court's ruling at sentencing, denying his objection to the adequacy of the § 851 Information, "is no longer equitable" in light of subsequent court decisions such as *U.S. v. Espinal*, 634 F.3d 655 (2d Cir. 2011) and *McCoy v. U.S.*, 707 F.3d 184 (2d Cir. 2012).[4]

---

[3] Rule 60(b)(5) application [#303] at pp. 2, 6.

[4] Rule 60(b)(5) application [#303] at p. 1 ("Rule 60(b)(5) . . . permits a party to obtain relief from a judgment if there has been a significant change in either factual conditions o[r] law which renders continued enforcement detrimental to the public interests.").

At the outset, the Court observes that even if Snow's application could be viewed as a proper motion under Rule 60(b)(5), it would be denied as untimely. In that regard, the court decisions that Snow cites to support his motion were decided in 2005 (*Shepard*), 2011 (*Espinal*) and 2012 (*McCoy*).[5] The subject motion was not brought "within a reasonable time."

However, because the subject application attacks Snow's underlying conviction and sentence, rather than attacking the Court's ruling on his § 2255 application, it is not properly brought under Rule 60(b)(5), but rather, is actually an attempt to bring a second-or-successive Rule 2255 application. In a factually-similar case, Judge Scullin of the Northern District stated:

> In *Harris v. United States*, 367 F.3d 74 (2d Cir.2004), the Second Circuit noted that federal district courts must examine Rule 60(b) motions filed in the context of § 2255 applications in order to ascertain whether the claims asserted therein " 'relate[ ] to the integrity of the federal habeas proceeding [or] the integrity of the ... criminal trial." ' *Id*. at 80 (quotation omitted); *see also Gitten v. United States*, 311 F.3d 529, 531-32 (2d Cir.2002)). Where the Rule 60(b) application challenges determinations made in the underlying criminal matter rather than the prior habeas proceeding, the Rule 60(b) motion "is in actuality a § 2255 petition and must meet the criteria set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")." *Harris v. United States*, 357 F.Supp.2d 524, 527 (N.D.N.Y.2005) (footnote omitted); *see also Brooks v. United States*, No. CV-99-2855, 2005 WL 2076565, *6 (E.D.N.Y. Aug. 26, 2005).
>
> It is clear from Petitioner's submissions that he is challenging the propriety of his conviction and/or sentence in the underlying criminal matter rather than the integrity of the civil proceedings[.] Thus, it is proper for the Court to consider Petitioner's application as a second or successive § 2255 petition; and, therefore, he must satisfy the criteria set forth in the AEDPA relating to such applications, including the requirement that, prior to pursuing a second or

---

[5]Rule 60(b)(5) application [#303] at pp. 1-2.

successive § 2255 application, he "must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." *Harris*, 357 F.Supp.2d at 527 (citing 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A)) (footnote omitted); *Brooks*, 2005 WL 2076565, at *6 (where the petitioner filed a Rule 60(b) motion challenging the underlying criminal proceeding, the court required him to obtain "the authorization of the Second Circuit Court of Appeals for leave to file a second or successive § 2255 petition" (footnote omitted)).

*Hines v. United States*, No. 5:94-CR-150, 2006 WL 13013, at *1–2 (N.D.N.Y. Jan. 3, 2006) (some citations to record omitted). Where a second-or-successive § 2255 application is improperly designated as a motion under Rule 60(b)(5), a district court should deny the application as being "beyond the scope of Rule 60(b)." *Hines v. U.S.*, 2006 WL 13013 at *3 (citing *Gitten v. U.S.*, 311 F.3d at 534).

Snow's application [#303] is denied as being beyond the scope of Rule 60(b) because it relates to the integrity of his criminal trial, and not to the integrity of the federal habeas proceeding. If Snow wishes to pursue this claim, he must apply to the Second Circuit Court of Appeals for leave to file a second or successive § 2255 petition.[6]

## CONCLUSION

Snow's application [#303] is denied. Pursuant to 28 U.S.C. § 2253, the Court declines

---

[6]The Court is aware that it could also transfer the application to the Second Circuit, but declines to do so. *See, United States v. Zebrowski*, No. 3:99-CR-00112JCH, 2009 WL 641246, at *2 (D. Conn. Feb. 3, 2009) ("'[A] Rule 60(b) motion that attacks the underlying conviction presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Circuit] Court for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).' *Harris*, 367 F.3d at 82 (quoting *Gitten*, 311 F.3d at 533–34). Because Zebrowski has already brought his Sixth Amendment challenge in his direct appeal and his prior section 2255 proceeding, transferring Zebrowski's position to the Court of Appeals would risk summary denial of his challenge. It would also risk the denial of any subsequent, potentially meritorious challenge as an abuse of the writ. Accordingly, the court will avail itself of the second option and deny the Motion as beyond the scope of Rule 60(b).") (citation and footnote omitted). The Second Circuit has already denied at least one application by Snow to file a second or successive § 2255 application.

5

to issue a certificate of appealability, since Snow has not made a substantial showing of the denial of a constitutional right.  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

    So Ordered.

Dated:    Rochester, New York
        December 13, 2017

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge