UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

vs

MARCUS SNOW, AKA FLASH,

Defendant.
_____

02-CR-6109 (CJS)

DECISION & ORDER

The matter is presently before the Court for resentencing following Defendant Marcus Snow's successful appeal of a prior order of the Court denying his motion for a reduction in sentence. *United States v. Snow*, 831 F. App'x 597 (2d Cir. 2020). After finding that Snow is *eligible* for relief under the First Step Act, the Second Circuit remanded the matter to this Court to determine, in its sound discretion, whether Snow is *entitled* to such relief. *Id.* at 598. *See also United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020) ("A district court considering a motion for a sentence reduction under the First Step Act must conduct a two-part inquiry . . . . whether the defendant is eligible for a reduction . . . . [and, if so,] whether, and to what extent, to exercise its discretion to reduce the sentence.")

For the reasons stated below, the Court finds that notwithstanding his eligibility for discretionary relief under the First Step Act, Snow is not entitled to any further sentence reduction.

BACKGROUND

A helpful summary of Snow's case may be found in the Court's prior decision denying Snow's first application to vacate set aside, or correct his sentence pursuant to

1

28 U.S.C. § 2255. The reader is presumed to be familiar with the full factual and procedural background of this case, and only the relevant details are related here:

> On December 2, 2003, a federal grand jury in the Western District of New York returned an eight count Superseding Indictment. Snow was charged in Counts One, Five, Six, Seven and Eight. Count One charged a conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846. Count Five charged possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Count Six charged that Snow maintained 183 Sixth Street, Rochester, New York for the purpose of manufacturing, distributing or using cocaine base. Count Seven charged the unlawful possession of two firearms by a felon in violation of 18 U.S.C. § 922(g)(1). Count Eight charged the possession of firearms in the furtherance of Counts One, Five and Six in violation of 18 U.S.C. § 924(c).
>
> On February 5, 2004, a jury trial commenced before the District Court. On February 19, 2004, the jury convicted Snow on Counts One, Five, Six, Seven and Eight.

*United States v. Snow*, No. 02-CR-6109 CJS, 2013 WL 1136989, at *1–3 (W.D.N.Y. Feb. 26, 2013). With respect to Counts One and Five – conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846, and possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), respectively – Snow was sentenced to a term of life imprisonment. *Id.* The sentence on these counts was later reduced to 360 months' incarceration "following certain retroactive amendments to the United States Sentencing Guidelines." *Snow*, 831 F. App'x at 597.

On May 10, 2019, Snow moved this Court for a further reduction in his sentence pursuant to the newly-enacted First Step Act. *Snow*, 831 F. App'x at 598. The Court denied Snow's motion, finding that he was statutorily ineligible for relief. *Id.* However, on appeal, the Second Circuit found that Snow was, indeed, eligible for relief under the First

Step Act, and remanded the matter so that this Court could determine whether Snow was entitled to such relief. *Id.* at 539.

THE FAIR SENTENCING ACT and THE FIRST STEP ACT

At the time of Snow's conviction and sentencing, 21 U.S.C. § 841(b)(1)(A)(iii) provided that any person convicted of possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base (i.e., crack cocaine) "after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . ." 21 U.S.C. § 841(b)(1)(A)(iii)[1]. In order to reduce the cocaine sentencing disparity, Section 2 of the Fair Sentencing Act of 2010 increased the threshold quantity for conviction under § 841(b)(1)(A)(iii) from 50 grams to 280 grams of a mixture or substance containing cocaine base. *See* Pub. L. No. 111-220, § 2(a), 124 Stat. 2372 (2010). However, the Act did not apply retroactively to defendants like Snow, who had been convicted before the Act became effective. *See Dorsey v. United States*, 567 U.S. 260, 281 (2012).

In 2018, Congress passed the First Step Act, which made retroactive the sentencing reforms from the Fair Sentencing Act of 2010. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). § 404(a) of the First Step Act defined "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before" the Fair

---

[1] Pub.L. 107-273, Div. B, Title III, § 3005(a), Title IV, § 4002(d)(2)(A), Nov. 2, 2002, 116 Stat. 1805, 1809 (effective from Nov. 2, 2002 to Mar. 8, 2006). This particular provision is relevant to Snow's original sentencing because on January 12, 2004, the government had filed an Information to Establish Prior Conviction pursuant to 21 U.S.C. § 851 indicating that Snow had a prior conviction for a felony drug offense. *See* Information, Jan. 12, 2004, ECF No. 83.

Sentencing Act was enacted. § 404(b) provided that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if . . . the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *See, e.g., United States v. Rose*, 379 F. Supp.3d 223, 227 (S.D.N.Y. 2019). § 404(c) of the First Step Act makes clear that a sentence reduction under the First Step Act is at the court's discretion. *United States v. Holloway*, 956 F.3d 660, 662–63 (2d Cir. 2020) (quoting First Step Act, § 404(c), 132 Stat. at 5222) ("[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

## ANALYSIS

District courts in this Circuit approach motions for sentence modification under the First Step Act with a two-part analysis. *Moore*, 975 F.3d at 89. First, the courts inquire whether the defendant is *eligible* for a sentence reduction under the Act. *See, e.g., United States v. Davis*, 423 F. Supp.3d 13, 16 (W.D.N.Y. 2019). If the answer to the first inquiry is affirmative, then the courts inquire whether a sentence reduction is warranted under the particular facts of the defendant's case. *Id.* at 17. In determining whether a reduction is warranted, courts should be mindful that a motion for a sentence reduction under the First Step Act falls within the scope of 18 U.S.C. § 3582(c)(1)(B), which does not require "that the reduction comport with U.S.S.G. § 1B1.10 or any other policy statement . . . [but] only on the statutory criteria." *Holloway*, 956 F.3d at 665–66.

As indicated above, following its review of this Court's finding that Snow was not eligible for a sentence reduction, and its consequent denial of Snow's motion for a reduction of sentence pursuant to the First Step Act, the Second Circuit ruled that Snow is in fact eligible for a reduced sentence under the First Step Act. *Snow*, 831 F. App'x at

4

598. Accordingly, the circuit court remanded the case to this Court for further proceedings to determine whether Snow is *entitled* to such relief.

An eligible defendant "is not necessarily entitled to relief. The First Step Act is clear that it does not 'require a court to reduce any sentence.'" *Holloway*, 956 F.3d at 666 (quoting the First Step Act, § 404(c), 132 Stat. at 5222). "[A] district court retains discretion to decide what factors are relevant as it determines whether and to what extent to reduce a sentence." *Moore*, 975 F.3d at 92 n. 36. Courts in this circuit commonly consider the relevant 18 U.S.C. § 3553(a) factors, as well as the remedial purposes of the First Step Act, and the defendant's post-sentencing conduct. *See United States v. Thomas*, 827 F. App'x 63, 65 (2d Cir. 2020); *United States v. Campbell*, 502 F. Supp.3d 752, 757 (W.D.N.Y. 2020); *United States v. Simons,* 375 F. Supp.3d 379, 389 (E.D.N.Y. 2019).

Snow offers several reasons that he believes to warrant a reduction in his sentence. Mot., May 10, 2019, ECF No. 307. First, Snow points to the United States Sentencing Commission's report on "The Effects of Aging on Recidivism Among Federal Offenders," and argues that the fact that he will likely be in his 50s when released lowers his chances of reoffending upon release. *Id.* at ¶ 27. He has also submitted a long list of educational and vocational programs he has attended while incarcerated as evidence that he has made significant efforts to improve and rehabilitate himself. *Id.* at ¶ 28. Finally, he notes that he has a loving and supportive family – a brother, sister, son, and grandson – and a mother in North Carolina that is in poor health and could use his help around the house. *Id.* at ¶ 29.

In that regard, the Court has reviewed the parties' respective arguments, conducted a thorough review of the record and considered the goals of sentencing

outlined in 18 U.S.C. § 3553(a), including the need for the sentence to: reflect the seriousness of the offense; promote respect for the law and provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and avoid unwarranted disparities between other defendants. *See, e.g., United States v. Powell*, 360 F. Supp.3d 134, 140 (N.D.N.Y. 2019). Having done so, the Court finds a sentence reduction is not warranted in Snow's case.

Based on changes in the sentencing regime due to the Fair Sentencing Act and the First Step Act, had Snow's conviction occurred today the statutory sentencing range would be at least "a term of imprisonment which may not be less than 5 years and not more than 40 years . . . ." 21 U.S.C. § 841(b)(1)(B)(iii)[2]. In other words, Snow's previous sentence reduction from life imprisonment to 360 months (30 years) on the drug charges puts him squarely within the statutory range under the present sentencing regime. Further, Snow's offenses were obviously serious. In addition to the sentences imposed on the firearms count which Snow must serve consecutively to the drug charges, Snow was also given concurrent sentences for his convictions of unlawfully keeping a premises for the purpose of distributing and using drugs, and being a felon in possession of a firearm.

Moreover, prior to his conviction in this Court in 2004, Snow had demonstrated a persistent and consistent pattern of unlawful conduct that is dangerous to others and the community. In December 1994, when only 17 years old, Snow was convicted in state court of the felonies of criminal possession of a controlled substance in the third degree

---

[2] The statutory range of 5 years to 40 years does not include the sentence enhancement for individuals previously convicted of a "serious drug felony" as defined in 18 U.S.C. § 924(e). It is not necessary for the purposes of this decision to determine whether Snow's prior conviction as reported in the government's § 851 Information constitutes a "serious drug felony."

6

and criminal possession of a narcotic drug in the fourth degree. Presentence Investigation Report, ¶ 97, June 1, 2005, ECF No. 180. He was paroled in January 1998, had his parole revoked in March of 2001, was paroled again in May of 2001, and had his parole revoked again in March 2002 when he was resentenced to 9 months in jail. *Id*. During the time he was serving on parole for the 1994 state court conviction, Snow was arrested for two misdemeanor state drug crimes, and the presentence report indicates that when he was not incarcerated, Snow was consistently engaged in significant criminal conduct between 1994 and his arrest in 2004. *Id.* at ¶ 31–71. Snow had a Criminal History category of IV at the time of his sentencing in this Court. *Id.* at ¶ 98–101.

Although Snow does appear to have participated in a number of educational and vocational programs during his time in prison, the Revised Abbreviated Supplemental Presentence Report prepared by the United States Probation Office on January 8, 2021, indicates that his pattern of unlawful and dangerous conduct has continued. While incarcerated, Snow sustained an infraction for possessing a dangerous weapon on January 2, 2007; an infraction for lying or falsifying a statement on January 11, 2008; an infraction for assaulting with serious injury on August 15, 2012, for a "two on one" fight that resulted in an inmate suffering serious trauma and puncture wounds; an infraction for highly disruptive conduct and giving or accepting money without authorization on July 2, 2013; an infraction for destroying or disposing of an item during a search on August 25, 2016; and, an infraction for possessing drugs/alcohol on December 7, 2017. In addition, while incarcerated, Snow waived indictment and pled guilty to possession of a prohibited object (marijuana) in violation of Title 18 U.S.C. § 1791 (a)(2) and (b)(3) in the

Northern District of West Virginia. He was sentenced to 4 months imprisonment to be served consecutive to the sentence in this case.

Accordingly, the Court finds that a sentence reduction for Snow is not warranted with respect to his sentence on the drug charges pursuant to 21 U.S.C. § 841 and § 846.

CONCLUSION

After a thorough review of the record and the issues raised in his motion, the Court finds that Defendant Marcus Snow is not entitled to relief under the First Step Act. Accordingly, it is hereby ORDERED, that Snow's motion for a reduction of sentence [ECF No. 307] is denied.

SO ORDERED.

DATED: July 13, 2021
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge